1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    ANSAR EL MUHAMMAD,                          No.  2:20-CV-0070-DMC-P

12              Plaintiff,

13         v.                                     ORDER

14    LINENNGER, et al.,

15              Defendants.

16

17         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is plaintiff's complaint (ECF No. 1).

19         The Court is required to screen complaints brought by prisoners seeking relief

20    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21    § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22    malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23    from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24    the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26    means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27    1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28    complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                                   1

1   rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege

2   with at least some degree of particularity overt acts by specific defendants which support the

3   claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

4   impossible for the Court to conduct the screening required by law when the allegations are vague

5   and conclusory.

6   ## I.  PLAINTIFF'S ALLEGATIONS

7   Plaintiff brings his complaint against twenty-three defendants at Mule Creek State

8   Prison: (1) Correctional Officer (C/O) Linennger, (2) C/O Martin, (3) C/O Cheldres, (4) C/O

9   Gamez, (5) an unidentified C/O, (6) Lieutenant Quirring, (7) Sergeant Junez, (8) Warden P.

10  Covello, (9) Chief Deputy Warden T. Tyler, (10) Associate Warden B. Holmes, (11) C/O D.

11  Gundersen, (12-18) C/O Jane/John Doe, (19-22) Nurse Jane/John Doe, and (23) Rainbow

12  Brockenborough, CEO.  Plaintiff alleges that each defendant violated his Eighth Amendment and

13  Fourteenth Amendment rights.

14  On June 12, 2019, plaintiff, a Muslim prisoner, went to his facility's dining hall.

15  See ECF No. 1 at 15.  At the service window, plaintiff noticed an officer was handling his food in

16  a manner that violated the practice of plaintiff's religious diet.  See id.  Plaintiff requested a

17  correctly served meal instead, and a heated verbal exchange with the officer and kitchen staff

18  ensued, culminating in the use of profanity.  See id. at 15-16.  Someone sounded an alarm, and

19  multiple officers responded to the scene at the dining hall service window.  See id. at 16.

20  Plaintiff alleges he complied with the orders of the responding officers who placed

21  him in handcuffs.  See id. at 16-17.  After plaintiff was placed in handcuffs, defendant Linennger

22  pushed his way through the other officers to forcibly grab plaintiff.  See id. at 6, 17. Plaintiff

23  alleges defendant Linennger acted violently while plaintiff was restrained, causing him serious

24  injury, in violation of his Eighth Amendment rights. See id. at 6.  Specifically, defendant

25  Linennger and another unidentified officer restraining plaintiff allegedly slammed plaintiff into a

26  wall and pushed him along the wall while pressing into his arms and lower back.  See id. at 6, 17-

27  19.  Plaintiff also alleges that defendant Linenngar used discriminatory language by referring to

28  plaintiff's halal meal as "holla holla [sic] bullshit" and yelling "you motherfuckers," which

1   plaintiff believed to mean Muslims, while injuring plaintiff, violating plaintiff's Fourteenth

2   Amendment rights.  Id. at 6.

3          Plaintiff was subsequently placed in a holding cell, uncuffed, and strip-searched.

4   Id. at 19.  Plaintiff claims a nurse conducted a brief examination of plaintiff, but never asked

5   plaintiff if he needed medical attention. Id.  Plaintiff suffers from preexisting nerve damage in his

6   left arm, which was the arm defendant Linenngar was holding.  Id. at 18. While in the holding

7   cell, plaintiff felt severe pain in his lower back, left arm, and legs that eventually caused plaintiff

8   to collapse on the floor.  Id. at 19.  After two and a half hours, plaintiff was brought to the

9   medical clinic in a wheelchair due to his weak state.  Id. at 21.  Plaintiff alleges he was processed

10  without physical examination, and finally assisted back to his housing cell.  Id. at 21-22.

11          Plaintiff alleges defendants Quirring, Junez, Martin, Gundersen, Gamez, Cheldres,

12  and the other seven unidentified John/Jane Doe officers witnessed the acts of defendant

13  Linennger and the John Doe officer in injuring plaintiff.  Plaintiff also alleges defendant

14  Brockenborough and the four unidentified John/Jane Doe nurse defendants failed to provide

15  plaintiff with immediate medical attention.

16                               **II.  DISCUSSION**

17          Plaintiff alleges sufficient facts to state a cognizable claim against defendant

18  Linennger and the John Doe defendant who slammed plaintiff into a wall for violating his Eighth

19  Amendment right to be protected from excessive force.  Plaintiff also alleges sufficient facts to

20  state a cognizable claim under the Equal Protection Clause of the Fourteenth Amendment against

21  defendant Linennger for using discriminatory language regarding plaintiff's religion while

22  subjecting him to the alleged excessive force. The Court finds, however, that plaintiff fails to state

23  a cognizable claim against all other defendants in either the altercation in the dining hall or for a

24  failure to meet plaintiff's medical needs.

25          **A.  Causal Link**

26          To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

27  connection or link between the actions of the named defendants and the alleged deprivations.  See

28  Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

                                        3

1    person 'subjects' another to the deprivation of a constitutional right, within the meaning of

2    § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform

3    an act which he is legally required to do that causes the deprivation of which complaint is made."

4    Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

5    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

6    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth

7    specific facts as to each individual defendant's causal role in the alleged constitutional

8    deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

9                    Plaintiff only alleges facts to suggest a causal connection exists between

10   defendants Linnenger and the John Doe officer who slammed plaintiff into wall.  In contrast to

11   those two defendants, plaintiff attempts to hold the other twenty-one defendants liable based

12   simply on their acquiescence.  Plaintiff alleges defendants Quirring, Junez, Martin, Gundersen,

13   Gamez, Cheldres, and the other seven unidentified John/Jane Doe officers were merely present at

14   the scene in the dining hall.  Plaintiff attempts to hold those defendants liable based on their

15   alleged inaction, as opposed to charging that they are causally connected to any constitutional

16   deprivations. Similarly, defendants Covello, Tyler, Holmes, and Brockenborough are never

17   mentioned among the complaint's factual allegations.  Additionally, only one of the four

18   John/Jane Doe nurse defendants is referenced the complaint, and plaintiff alleges that single nurse

19   defendant attended to plaintiff after the altercation in the dining hall. Since plaintiff never alleges

20   any of these twenty-one defendants had a causal role in depriving plaintiff of his constitutional

21   rights, the Court finds that plaintiff fails to state a claim against them.

22                   **B.  Supervisor Liability**

23                   Supervisory personnel are generally not liable under § 1983 for the actions of their

24   employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no

25   respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional

26   violations of subordinates if the supervisor participated in or directed the violations.  See id.  The

27   Supreme Court has rejected the notion that a supervisory defendant can be liable based on

28   knowledge and acquiescence in a subordinate's unconstitutional conduct because government

4

1   officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

2   and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory

3   personnel who implement a policy so deficient that the policy itself is a repudiation of

4   constitutional rights and the moving force behind a constitutional violation may, however, be

5   liable even where such personnel do not overtly participate in the offensive act.  See Redman v.

6   Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

7            When a defendant holds a supervisory position, the causal link between such

8   defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

9   Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

10  1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in

11  civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

12  Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

13  official's own individual actions, has violated the constitution."  Iqbal, 662 U.S. at 676.

14           Among the twenty-one defendants identified in section (II)(A), plaintiff attempts

15  to hold defendants Quirring, Junez, Covello, Tyler, Holmes, and Brockenborough liable in their

16  capacity as supervisors.  Plaintiff alleges that only defendants Quirring and Junez were actually

17  aware of the alleged excessive force used against him.  See ECF No. 1 at 9.  Nevertheless,

18  alleging defendants Quirring and Junez had knowledge and acquiesced is insufficient to hold

19  them liable. See Iqbal, 662 U.S. at 676.  Plaintiff never alleges any facts to suggest that the

20  supervisor defendants implemented policies to cause, or otherwise sanctioned, the alleged

21  unconstitutional actions of their subordinates.  Therefore, the Court finds that plaintiff fails to

22  state cognizable claims against defendants Quirring, Junez, Covello, Tyler, Holmes, and

23  Brockenborough.

24           **C.  Medical Needs**

25           The treatment a prisoner receives in prison and the conditions under which the

26  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

27  and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

28  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

5

1   of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

2   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

3   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

4   "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

5   801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

6   two requirements are met: (1) objectively, the official's act or omission must be so serious such

7   that it results in the denial of the minimal civilized measure of life's necessities; and (2)

8   subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

9   inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

10  official must have a "sufficiently culpable mind." See id.

11          Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

12  injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

13  see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

14  needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by

15  Sandin v. Conner, 515 U.S. 472 (1995).  An injury or illness is sufficiently serious if the failure to

16  treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and

17  wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled

18  on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc); see

19  also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).  Factors indicating seriousness

20  are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2)

21  whether the condition significantly impacts the prisoner's daily activities; and (3) whether the

22  condition is chronic and accompanied by substantial pain.  See Lopez v. Smith, 203 F.3d 1122,

23  1131-32 (9th Cir. 2000) (en banc).

24          The requirement of deliberate indifference is less stringent in medical needs cases

25  than in other Eighth Amendment contexts because the responsibility to provide inmates with

26  medical care does not generally conflict with competing penological concerns.  See McGuckin,

27  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

28  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

1    1989).  The complete denial of medical attention may constitute deliberate indifference.  <u>See</u>

2    <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

3    treatment, or interference with medical treatment, may also constitute deliberate indifference.  <u>See</u>

4    <u>Lopez</u>, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

5    that the delay led to further injury.  <u>See</u> <u>McGuckin</u>, 974 F.2d at 1060.

6           Negligence in diagnosing or treating a medical condition does not, however, give

7    rise to a claim under the Eighth Amendment.  <u>See</u> <u>Estelle</u>, 429 U.S. at 106.  Moreover, a

8    difference of opinion between the prisoner and medical providers concerning the appropriate

9    course of treatment does not give rise to an Eighth Amendment claim.  <u>See</u> <u>Jackson v. McIntosh</u>,

10   90 F.3d 330, 332 (9th Cir. 1996).

11          Plaintiff claims the four defendant John/Jane Doe nurses and defendant

12   Brockenborough acted with deliberate indifference towards plaintiff's serious medical needs

13   following the altercation in the dining hall.  However, plaintiff admits a nurse examined him

14   almost immediately after he was removed from the dining hall and placed into a holding cell.  <u>See</u>

15   ECF No. 1 at 19.  Plaintiff believes the examination was "haphazardly" conducted, but negligence

16   does not give rise to a claim under the Eighth Amendment.  <u>See</u> <u>Estelle</u>, 429 U.S. at 106.

17          Furthermore, plaintiff includes four John/Jane Doe nurse defendants, but the

18   complaint only mentions the single nurse who examined plaintiff in the holding cell.  The

19   complaint never addresses why plaintiff names three other nurse defendants.  Plaintiff's

20   additional flaw relating to attempting hold defendant Brockenborough liable as a supervisor was

21   covered in section (II)(B).  For the foregoing reasons, plaintiff fails to state a claim deliberate

22   indifference against the four nurse defendants and defendant Brockenborough.

### III.  CONCLUSION

24          Because it is possible that the deficiencies identified in this order may be cured by

25   amending the complaint, plaintiff is entitled to leave to amend.  <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d

26   1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

27   amended complaint supersedes the original complaint.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258,

28   1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the

7

1  prior pleading in order to make plaintiff's amended complaint complete.  <u>See</u> Local Rule 220.  An

2  amended complaint must be complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

3        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

5  <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

6  each named defendant is involved, and must set forth some affirmative link or connection

7  between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d

8  164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

9        Because the complaint appears to otherwise state cognizable claims, if no amended

10  complaint is filed within the time allowed therefor, the Court will issue findings and

11  recommendations that the claims identified herein as defective be dismissed, as well as such

12  further orders as are necessary for service of process as to the cognizable claims.

13        Accordingly, IT IS HEREBY ORDERED that plaintiff may file an amended

14  complaint within 30 days of the date of service of this order.

15

16  Dated:  July 10, 2020

17                                DENNIS M. COTA

18                                UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28