IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANSAR EL MUHAMMAD,  Plaintiff,  v.  MARTIN, et al.,  Defendants. | No. 2:20-CV-0070-DMC-P  ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion to compel further responses to discovery. See ECF No. 46. In support of Plaintiff's motion are his additional filings at ECF Nos. 51 and 52. Defendants have filed an opposition and supporting declaration. See ECF Nos. 60 and 61.

The purpose of discovery is to "remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation omitted). Rule 26(b)(1) of the Federal Rules of Civil Procedure offers guidance on the scope of discovery permitted:

> Parties may obtain discovery regarding any nonprivileged information that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the

1

>amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Under Rule 37, the party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-1808-MJS (PC), 2016 U.S. Dist. LEXIS 75435, 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-5646-AWI-SMS PC, 2008 U.S. Dist. LEXIS 24418, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). Rule 37 also requires the moving party to meet and confer with the opposing party. See Fed. R. Civ. P. 37(a)(1).

"Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 U.S. Dist. LEXIS 42339, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (internal citation omitted).

///

## I. BACKGROUND

### A. <u>Plaintiff's Allegations</u>

This action proceeds on Plaintiff's first amended complaint as against Defendants D. Leininger, A. Tsushko, Martin, D. Gunderson, C. Williams, J. Gamez, Quiring, and G. Jones, on Plaintiff's claims under the First, Eighth, and Fourteenth Amendments. <u>See</u> ECF No. 17. Plaintiff alleges that Defendants discriminated against him based on race and religion, that they violently assaulted him (or knowingly stood by while he was being assaulted) after Plaintiff requested a religious diet, and that Defendants failed to provide medical care following the assault. <u>See</u> ECF No. 15.

### B. <u>Summary of Discovery in Dispute</u>

Plaintiff served separate but identical requests for production of documents on each of the named defendants, which were received by defense counsel on June 30, 2022. <u>See</u> ECF No. 46, pg. 1; <u>see also</u> ECF No. 60, pg. 4 (declaration of defense counsel). Defendants served responses on December 20, 2022. <u>See</u> ECF No. 52 (Plaintiff's declaration in support of motion to compel); <u>see also</u> ECF No. 60, pg. 4 (declaration of defense counsel). Plaintiff provides Defendants' responses to his discovery requests (which also recite the underlying request) as exhibits to his supporting declaration. <u>See</u> ECF No. 52. At issue in Plaintiff's motion are Defendants' responses to each of the six identical document requests separately served by Plaintiff on each defendant.

## II. DISCUSSION

As reflected in Plaintiff's supporting declaration at ECF No. 52, Plaintiff served six identical requests for production of documents on each defendant.

The Court notes that none of Plaintiff's filings related to the instant motion to compel sets forth any arguments specific to each individual discovery request and Defendants' responses to such request. Plaintiff thus fails to meet his burden on a motion to compel, which is a sufficient reason to deny Plaintiff's motion. Nonetheless, the Court will independently review the sufficiency of Defendants' responses.

3

### A.   Request Nos. 1, 5, and 6

Plaintiff's request nos. 1, 5, and 6 – to which Defendants each provided the same response, are as follows:

Request No. 1

Produce inmate grievances, complaints, reports, memos, corrective action documents, or other correspondences regarding alleged use of force against an inmate, harassment against an inmate, retaliation against an inmate, falsification of documents (e.g., internal prison incident reports, Rule Violation Reports, etc.) and/or charges (e.g., Rule Violation Reports, criminal charges, etc.), and any mistreatment of inmates within defendant['s] personnel file.

Request No. 5

Produce all grievances, complaints, reports, memos, corrective action documents or other correspondences regarding misconduct filed against defendant [] by other correctional officers/staff.

Request No. 6

Produce all files, memos, reports, corrective action documents or other correspondences [regarding] any investigation by the CDCR Office of Internal Affairs and the U.S. Department of Justice regarding defendant [].

ECF No. 52.

As to these three requests, each defendant provided the following response:

Response

Objection.  The request is invasive of the privacy rights of Defendant, including but not limited to California Constitution, Art. 1, § 1. The request seeks personal and private information of staff members or material that constitutes personnel information, which is confidential under California Government Code sections 6254 and 3300-3313; California Evidence Code sections 1040, 1041, and 1043; California Penal Code sections 832.7 and 832.8; Civil Code § 1798, et seq.; the California Information Practices Act; California Code of Regulations Title 15, § 3321; and Defendant's common law right to privacy.  Defendant objects to this request as it violates California Code of Regulation Title 15, § 3370(b)(e).  Defendant further objects to this request because it is vague and ambiguous as to time and to the extent that it could be construed as seeking documents that are not relevant to the parties' claims or defenses in this case or proportional to the needs of the case.

ECF No. 52.

/ / /

/ / /

The Court agrees with Defendants that these three requests are vague and ambiguous as to time. The requests seek any and all specified documents without limitation to a reasonable time period and, as such, the requests are vague as well as overbroad. Moreover, as Defendants observe, the requests seek information which is protected as confidential under state law. Finally, given the breadth of documents sought, the Court finds that the requests are not proportional to the needs of the case, which involves a single incident of alleged use of excessive force. No further responses will be ordered.

### B. Request No. 2

Plaintiff served the following request on each defendant:

#### Request No. 2

Produce all inmate appeals/grievances filed against defendant [] regarding use of force against an inmate, harassment against an inmate, retaliation against an inmate, falsification of documents (e.g., internal prison incident reports, Rule Violation Reports, etc.) and/or charges (e.g., Rule Violation Reports, criminal charges, etc.), and mistreatment of inmates.

ECF No. 52.

Defendants each responded as follows:

#### Response

Objection. The request is invasive of the privacy rights of Defendant, including but not limited to California Constitution, Art. 1, § 1. The request seeks personal and private information of staff members or material that constitutes personnel information, which is confidential under California Government Code sections 6254 and 3300-3313; California Evidence Code sections 1040, 1041, and 1043; California Penal Code sections 832.7 and 832.8; Civil Code § 1798, et seq.; the California Information Practices Act; California Code of Regulations Title 15, § 3321; and Defendant's common law right to privacy. Defendant objects to this request as it violates California Code of Regulation Title 15, § 3370(b)(e). Defendant further objects to this request because it is vague and ambiguous as time and to the extent that it could be construed as seeking documents that are not relevant to the parties' claims or defenses in this case or proportional to the needs of the case. Subject to and without waiving the foregoing objections, Defendant responds as follows:
Defendant will produce Appeal Log No. MCSP-19-02649, which was filed by Plaintiff regarding the allegations subject to this lawsuit (AG001-AG025).

ECF No. 52

As with request nos. 1, 5, and 6, the Court sustains Defendants' objections to request no. 2. Moreover, the Court notes that Defendant has provided responsive documents related to the grievance filed by Plaintiff arising from the incident at issue in this case. No further responses will be ordered.

### C.  Request Nos. 3 and 4

Plaintiff served the following requests on each defendant:

Request No. 3

Produce all emails produced and sent by defendant [] to any MCSP staff member or any other CDCR employee or official concerning the Plaintiff and the use of force incident involving the Plaintiff on or about 6-12-2019.

Request No. 4

Produce all emails received by defendant [] from any MCSP staff member or any other CDCR employee or official concerning the Plaintiff and the use of force incident involving the Plaintiff on or about 6-12-2019.

ECF No. 52.

Defendants each responded to both requests as follows:

Response

Defendant is unable to comply with this request. After a diligent search and reasonable inquiry, Defendant believes documents responsive to this request do not exist.

ECF No. 52

Defendants have stated that no responsible documents exist, and Plaintiff has not offered any argument to the contrary. Plaintiff must accept Defendants' representation subject to remedies which may be available to Plaintiff should Defendants later attempt to offer documents which would be responsive to these requests. No further responses will be ordered. Defendants are reminded of their continuing obligation to serve supplemental responses should responsive documents be located.

/ / /

/ / /

/ / /

### III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to compel, ECF No. 46, is denied.

2. The parties may conduct discovery, consistent with the provisions of the Court's March 23, 2022, discovery and scheduling order, through August 21, 2023.

3. The Court re-sets the deadline to file dispositive motions to 90 days from the discovery completion deadline set above.

Dated:  June 16, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE