1

2

3

4

5

6

7

8                         **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   ANSAR EL MUHAMMAD               No.  2:20-CV-0070-DAD-DMC-P

12           Plaintiff,

13       v.                    ORDER

14   MARTIN, et al.,

15           Defendants.

16

17

18         Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion for the appointment of counsel,

19 ECF No. 68.

20         The United States Supreme Court has ruled that district courts lack authority to

21 require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist.

22 Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the

23 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935

24 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

25 A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success

26 on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

27 complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is

28

1  dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

2  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment

3  of counsel because:

4        Terrell demonstrated sufficient writing ability and legal knowledge to
   articulate his claim.  The facts he alleged and the issues he raised were not

5        of substantial complexity.  The compelling evidence against Terrell made it
   extremely unlikely that he would succeed on the merits.

6        Id. at 1017.

7

8        In the present case, the Court does not find the required exceptional circumstances.

9  In his motion, Plaintiff states that he is currently suffering significant mental difficulties which

10  interfere with his self-representative status. See ECF No. 68, pg. 1. "An incapacitating mental

11  disability may be grounds for appointment of counsel in some cases, but a plaintiff making that

12  argument must present substantial evidence of incompetence." Meeks v. Nunez, No. 13cv973-

13  GPC (BGS), 2017 WL 476425, at *3 (S.D. Cal. Feb. 6, 2017) (citing McElroy v. Cox, Civil No.

14  08–1221 JM (AJB), 2009 WL 4895360 at *2 (E.D. Cal. Dec. 11, 2009). The mere claim that

15  Plaintiff suffers from mental difficulties that may make pursing this case more difficult is not

16  enough to establish exceptional circumstances warranting appointment of counsel.

17        In this regard, the Court notes that Plaintiff has attached no documentation to his

18  current motion establishing limitations posed by his mental health problems. Plaintiff has failed to

19  identify what conditions he suffers from, explain how his conditions prevent him from proceeding

20  without assistance, or provide medical documentation supporting his claimed impairments.

21        The Court also notes that Plaintiff's motion is well-written and coherent. Further, a

22  review of the file in this case reflects that Plaintiff is able to articulate his claims, which are

23  neither factually nor legally complex. Finally, the Court still cannot say at this stage of the

24  proceedings that Plaintiff has established a particular likelihood of success on the merits.

25  ///

26  ///

27  ///

28  ///

1         Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the

2 appointment of counsel, ECF No. 68, is denied without prejudice to a renewed request supported

3 by the necessary showings.

4

5 Dated: June 22, 2023

6                                               DENNIS M. COTA

7                                             UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28